MICROSYSTEMS SOFTWARE, INC., a Massachusetts corporation, and Mattel, Inc., a Delaware corporation, Plaintiffs,

v.

SCANDINAVIA ONLINE AB, a Swedish corporation; Islandnet.Com, a Canadian corporation; Eddy L.O. Jansson, a Swedish citizen; and Matthew Skala, a Canadian citizen, Defendants.

No. Civ.A.00–10488–EFH.

United States District Court,
D. Massachusetts.

March 28, 2000.

Joel G. Beckman, Laura N. Kling, Irwin B. Schwartz, Schwartz and Nystrom, LLC, Boston, MA, for Plaintiffs.

Sarah Wunsch, Boston, MA, Christopher Hansen, New York City, for Defendants.

## STIPULATED PERMANENT INJUNCTION

HARRINGTON, District Judge.

Upon the stipulation and agreement of Plaintiffs Microsystems Software, Inc. and Mattel, Inc. and Defendants Eddy L.O. Jansson ("Jansson") and Matthew Skala ("Skala"), the Verified Complaint, the Affidavit of Irwin B. Schwartz in Further Support of Application for Temporary Restraining Order filed March 17, 2000, the Supplemental Affidavit of Irwin B. Schwartz dated March 27, 2000, and the Findings of Fact and Conclusions of Law, it is hereby ordered that:

Defendants Jansson and Skala, their agents, employees, and all persons in active concert or participation with Defendant Jansson and/or Defendant Skala, shall discontinue and be permanently enjoined from publishing the software source code and binaries known as "CP4break.zip" or "cphack.exe" or any derivative thereof.

The Federal Rules of Civil Procedure allow a Court to accomplish service and notice of injunctive orders by "personal service or otherwise." Fed.R.Civ.P. 65(d). This Order shall be served on Defendants Jansson and Skala, their agents, employees, and all persons in active concert or participation with Jansson and/or Skala by certified mail to last known address.

Any violation of this Injunction shall be determined by the Court only on the filing by Plaintiffs of a Motion for an Order to Show Cause Why a Certain Person or Entity Should Not be Held in Contempt and after a full hearing thereon.

All remaining claims in this action shall be and are hereby dismissed with prejudice.

This case involves a dispute between private parties relating to the federal copyright law and has been resolved by a stipulation entered into by the parties.

The federal law of copyright gives exclusive ownership of and the right to make use of written and literary works and material, protected by law for a specified period of time. This federal law has been a prodigious and inexhaustable stimulator of rich creative thought and the firm protector of free individual expression. It is the exclusive province of the federal court to insure that the law's protections are enforced and an owner's rights to his creation secured.

Yet this case involves more than a complex and significant legal issue relating to copyright law. It raises a most profound societal issue, namely, who is to control the educational and intellectual nourishment of young children—the parents or the purveyors of pornography and the merchants of death and violence.

Ideas bear consequences, fruitful and also destructive. The pernicious idea that all men are not created equal is the philosophic basis which incited the degradations of slavery and the genocidal slaughter of the Holocaust.

Under our Constitution all have the right to disseminate even evil ideas and such ideas cannot by law be suppressed by the government. On the other hand, parents, in the exercise of their parental obligation to educate their young children, have the equal right to screen and, thus, prevent noxious and insidious ideas from corrupting their children's fertile and formative minds.

SO ORDERED.